and agreed that the testimony be closed. The main objection urged by contestant is that the former probate proceeding is a bar to this proceeding. With this I do not agree.

The objections are dismissed. Present decree admitting the paper propounded as a will of real property.

(95 Misc. Rep. 461)

## In re GOODWIN'S ESTATE.

### (Surrogate's Court, New York County. May 15, 1916.)

1. EXECUTORS AND ADMINISTRATORS ⬤═▷495(2)—EXECUTORS AND TRUSTEES—COMMISSIONS.

Testator's will bequeathed personalty to his wife, and also ten one-hundredths of all the residuary estate, "provided she survive me for the period of one year," at the same time giving thirty-six one-hundredths of his estate to "those of the executors of this will who shall accept the office of trustee," in trust to pay the income thereof to his wife, quarterly, during her life, also giving such thirty-six one-hundredths upon her death to the executors, in trust to collect the income and pay it quarterly in equal portions to testator's three sons. *Held*, that the will contemplated separate duties for the executors and trustees, and that they were entitled to commissions as executors upon the entire estate, and to commissions as trustees upon the thirty-six one-hundredths constituting the trust fund held for the benefit of the widow, though the two trustees who should hold the trust fund during her life were not entitled to extra commissions for acting as trustees of the fund after her death and prior to the termination of the three trust funds into which it was then to be divided, but that the trustee designated to act as trustee of the fund after the death of the widow was entitled to full trustee's commissions upon the value of the trust fund received and paid out by him.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 2089; Dec. Dig. ⬤═▷495(2).]

2. WILLS ⬤═▷525—INTEREST GRANTED—SURVIVING LIFE ESTATES.

Where testator's will bequeathed to his widow ten one-hundredths of his residuary estate, if she survived him for one year, and thirty-six one-hundredths to his executors, in trust to pay the income to his widow quarterly during her life, and, upon her death, such thirty-six one-hundredths in trust to collect and pay the income quarterly to his three sons, the interest of each of the sons in the fund was a surviving life estate in one-third, and not a surviving life estate in twelve one-hundredths.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1129–1139; Dec. Dig. ⬤═▷525.]

In the matter of the estate of James J. Goodwin. From an order fixing the inheritance tax, the executors appeal. Order fixing tax reversed, and report of appraiser remitted for correction.

Zabriskie, Murray, Sage & Kerr, of New York City (George Zabriskie, of New York City, of counsel), for executors.

Lafayette B. Gleason, of New York City (Schuyler C. Carlton, of New York City, of counsel), for State Comptroller.

FOWLER, S. [1] The executors of the decedent's estate have appealed from the order fixing tax, and contend that the appraiser erred

⬤═▷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

in refusing to deduct trustees' commissions from the assets of the estate in ascertaining the value of the taxable interests of the legatees. The appraiser deducted executors' commissions, but refused to deduct in addition thereto the commissions claimed by the executors in their capacity as trustees.

The testator directed the payment of his debts and funeral expenses and then bequeathed certain articles of personal property to his wife. He also bequeathed to her "ten one-hundredths of all the rest, residue and remainder" of his estate, "provided she survive me for the period of one year." He gave thirty-six one-hundredths of his estate to "those of the executors of this will who shall accept the office of trustee" in trust to pay the income thereof to his wife, quarterly, during her life; upon her death he gave the said thirty-six one-hundredths to Walter L. Goodwin, Philip L. Goodwin and Henry S. Robinson in trust to collect the income and pay it quarterly in equal portions to his three sons.

It is apparent from the language of the will that the testator contemplated separate duties for his executors and trustees. As executors it was their duty to collect the assets of the estate, pay the debts and general legacies, divide the residuary estate in accordance with the directions contained in the will, then pay the aliquot parts to the legatees entitled thereto, and the remaining thirty-six one-hundredths to such of the executors as signify their willingness to act as trustees of this fund. They are therefore entitled to commissions as executors upon the entire estate, and to commissions as trustees upon the thirty-six one-hundredths constituting the trust fund directed to be held for the benefit of his wife. The two trustees, however, who hold the trust fund during the life of decedent's wife are not entitled to extra commissions for acting as trustees of this fund after her death and prior to the termination of the three trust funds into which it shall then be divided, but Henry S. Robinson, who is designated by the testator to act as trustee of the trust fund after the death of the testator's wife, is entitled to full trustee's commissions upon the value of the trust fund which will be received and paid out by him.

[2] The appraiser also erred in ascertaining the value of the surviving life estate of each of the decedent's sons in the trust fund held for the benefit of decedent's wife during her life. The interest of each of the sons in this fund is a surviving life estate in one-third thereof, and not a surviving life estate in twelve one-hundredths thereof as reported by the appraiser.

The order fixing tax will be reversed, and the report of the appraiser remitted to him for correction as indicated.